

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Mr. W. J. Muller
County Attorney
Kinney County
Brackettville, Texas

Dear Sir:

Opinion No. O-811
Re: The fees due the County Judge
under Article 3926, V.C.S.

Your request for an opinion upon the following question has been received by this office.

"Is the county judge entitled to a commission of one-half of one per cent upon all cash received by the executor, including the $200,000.00 borrowed by the executor to pay certain pressing claims against the estate?"

We quote from your letter of June 10, 1939, as follows:

"A copy of the order of our probate court granting letters testamentary and requiring the executor to give bond is enclosed; such order does not appoint an independent executor, for further information there is enclosed a copy of par. 6 of the will appointing the executor. However, it is my understanding the executor is serving as executor of the will and estate in question under bond and accountable to the Illinois Court, but the only Illinois probate order filed in our court is an order admitting the will to probate, but no wise appointing an executor and the probate proceedings in our court being ancillary to the Illinois proceedings, it is my opinion the executor under our court order could not rate an independent executor.

"Our County Judge did not issue a specific order for the loan of the $200,000.00, but the claim of $175,000.00 for the payment of which the loan was made, was duly presented to our County Court by the executor for the approval of our county court, and such claim was approved by the Court and paid by the executor, as shown in the final account, in which final account the executor asked the county court's approval, and eventually an order was issued approving the loan and the distribution of its proceeds, as shown by the order of the District Court.

"We quote paragraph 6 of the will as follows:

"SIXTH: I hereby nominate, constitute and appoint CARRIE J. SCHMIDT and CHARLES C. WOOSTER Executors of this, my Last Will and Testament and direct that neither of my said Executors or Trustees shall be required to give

any bond or security for the faithful performance of their duties as said Executors or Trustees. My said Executors may settle up my estate in their own way, using their own discretion in all matters not in conflict with the laws of the State of Illinois, power being given them in their official capacity to sell or otherwise dispose of any part or all of the property included in mu said trust estate on such terms as they shall deem best. I further empower my said Executors to settle or compound all claims either in favor of our against my said estate as to my Executors shall seem best and for all the purposes aforesaid to execute and deliver all necessary papers and to give full receipts and discharges.

"IN WITNESS WHEREOF I have hereunto set my hand and seal on this fifth (5) page of this my Last Will and Testament (each preceding page bearing my signature on the margin thereof) this 25 day of June A.D. 1934."

Article 3926, Revised Civil Statutes, reads in part as follows:

"The county judge shall also receive the following fees:

"1. A commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any amount received by any such executor, administrator or guardian."

Article 3365, Revised Civil Statutes, reads as follows:

"When a will has been admitted to probate in any State of the United States or territories thereof or in the District of Columbia or in any country without the limits of the United States, and the executor named in such will has qualified, and a duly certified copy of such will and the probate thereof has been filed and recorded in any county court in this State having jurisdiction of the estate, togetherwith the application of such foreign executor for the probate of such will, the same shall be admitted to probate; and letters testamentary shall be granted to such applicant and an order to that effect shall be entered upon the minutes of the court as in other cases; and if letters of administration have been previously granted by such court in this State to any person other than such foreign executor, such letters shall be revoked upon the application of such executor after service of citation upon the person to whom such letters were granted as required in other cases."

Article 3346, Revised Civil Statutes, reads as follows:

"In the case provided for in the preceding article, the executor shall be required to give bond as in other cases, notwithstanding any provision to the contrary in the will, and the order revoking the former letters shall not take effect until such executor has qualified in accordance with law."

The term "executor" used in Article 3926, supra, refers to an executor administering the estate of a testator under the control of the probate court. Consequently, the judge is not entitled to the statutory fee where the estate was administered by an independent executor or by a community survivor. In this connection, it has been held that the judge is entitled to a commission upon money received by a personal representative in the fulfillment of a road construction contract of the deceased, even though most of the money subsequently was disbursed by the representative. But it is established that the term "receipts" as used in the statute does not embrace cash on deposit in banks at the time of the death of the testator. Tex. Jur. Vol. 25, page 260; Goodwin vs. Downs, 280 SW 512; Willis vs. Harvey, 26 SW 2nd 288.

We quote from the case of Goodwin vs. Downs, supra, as follows:

"The county judge has only one way to receive any compensation for his supervision of an administration. His responsibility is great. He must study the reports and approve the accounts, including receipts and disbursements. The Legislature fixed this definite method of computing his fees. It will not be assumed that the Legislature intended to do an unreasonable or absurd thing. But we see no reason to amend or limit this article upon either of such hypotheses. There is nothing in the history of this act (the court is speaking of Art. 3850, R.C.S. 1911 which is now Art. 3926, R.C.S.) which shows that the Legislature had any exception in mind. We are not called upon to say that no exception by construction will all be read into this article by the courts. We do not say so. But we do say that the courts found that it was to the best interest of the estate in this case, in winding it up, to execute binding contracts which the deceased had already made in his lifetime. In doing so, cash receipts naturally came into the hands of the administrator.

". . . We see no reason for not allowing the county judge what the statute in clear and unmistakable language gives him. We do not believe it is in anywise unreasonable."

In the case of Von Kownherits vs. Ziller, 246 SW 425, it was held in effect that where one of two independent executors of a will, who was also a residuary legatee, advanced money to the attorney for the executor, which was paid out of the legacies and debts of the estate, the other executor was entitled to commissions thereon, the same as though such money had been furnished by the third party, being money received by the executors.

The question arises whether or not the executor mentioned in your inquiry is an independent executor. We are of the opinion that the executor mentioned is not an independent executor. We quote from Texas Jurisprudence, Vol. 13, page 765, as follows:

"In order to create an independent administration it is not necessary that the testator confer extraordinary powers upon the executor; the simple nomination of an individual as such may be sufficient, as coupled with an expression of a desire that the probate court take no action other than that required by law. However, this intention may not be inferred from a mere testamentary direction that the executor may act without bond or that he

may sell all or any portion of the estate for a specific purpose; in either of such cases the probate court would still have power to pass upon and allow claims, direct their payment, approve final settlement and distribute the estate. Berry vs. Hindman, 129 SW 1181; Smithwick vs. Kelly, 15 SW 286; McMahan vs McMahan, 175 SW 157."

In 24 Corpus Juris, page 977, the following rule of reference to commission of executor and administrator is given;

"The commissions of an executor administrator are regarded as his entire compensation, not only for collecting the assets of the estate, but also for the labor, risks, and trouble attending the entire administration and settlement and it is therefore generally held that commissions should be allowed upon any and all property of the estate which comes into the possession of the representative and for which he accounts."

We see from this general rule that an executor administrator is entitled to commission on all of the estate for which he is accountable. We can see no reason why the rule should not apply to the commission of the county judge.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the county judge is entitled to a commission of one-half of one per cent upon all cash received by the executor, including the $200,000.00 borrowed by the executor to pay the claims against the estate.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

AW:AW:egw

APPROVED MAY 30, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
R W F - Chairman